IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOPANI FOUNDATION,<br><br>     Plaintiff<br><br>         v.<br><br>FERMÍN FRACINETTI, et al.,<br><br>     Defendants | CIVIL NO. 10-1496 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiff Topani Foundation's ("Topani") motion for preliminary injunction (**No. 8**), as well as Defendants Covadonga Properties, Inc. ("Covadonga Properties") and Tommy R. Habibe-Arrias' ("Habibe-Arrias") response in opposition thereto (No. 10), and Plaintiff's evidence in support of its request for injunction (No. 11). Plaintiff filed the instant action pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), alleging claims for fraud and manipulative and deceptive practices in violation of SEC Rule 10b-5. For the reasons stated herein, Plaintiff's motion for preliminary injunction is hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

Plaintiff Topani alleges that it is a Private Foundation created under the laws of, and with its principal place of business in, the Netherlands Antilles. Plaintiff Topani further alleges that it is owner of 50% of the authorized stock issued by Defendant Covadonga

CIVIL NO. 10-1496 (JP)         -2-

Properties. Covadonga Properties, in turn, is the owner of the real property located at 104 Covadonga Street in San Juan, Puerto Rico (the "Building"). Plaintiff Topani alleges that Defendant Habibe-Arrias acted as the *de facto* chairman of the board, president, and principal officer of Covadonga Properties.

Without consulting Plaintiff, Defendants Habibe-Arrias and Covadonga Properties allegedly sold the Building to the Commonwealth of Puerto Rico for approximately $6,000,000.00. Defendant Fermín Fracinetti ("Fracinetti") is alleged to have participated in structuring the sale. Plaintiff further alleges that it made Defendants aware of its opposition to the sale, in writing, on several occasions. Nevertheless, the sale was allegedly completed and Plaintiff Topani was not provided any compensation from the sale.

## II.  **LEGAL STANDARD FOR A PRELIMINARY INJUNCTION**

The general purpose of injunctive relief is to prevent future acts or omissions of the non-movant that constitute violations of the law or harmful conduct. United States v. Oregon Med. Soc., 343 U.S. 326, 333 (1952). The United States Court of Appeals for the First Circuit has set forth a four part test for trial courts to use when considering whether to grant preliminary injunction requests. Lanier Prof. Serv's, Inc., v. Ricci, 192 F.3d 1 (1st Cir. 1999); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A preliminary injunction is appropriate if: (1) the petitioner has exhibited a likelihood of success on the merits; (2) the petitioner

CIVIL NO. 10-1496 (JP)        -3-

will suffer irreparable injury if the injunction is not granted; (3) such injury outweighs any harm which granting injunctive relief would inflict on the respondent; and (4) the public interest will not be adversely affected by granting the injunction. Narragansett Indian Tribe, 934 F.2d at 5; see, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 892 (1st Cir. 1988); Hypertherm, Inc. v. Precision Products, Inc., 832 F.2d 697, 699 n.2 (1st Cir. 1987).  Whether to issue a preliminary injunction depends on balancing equities where the requisite showing for each of the four factors turns, in part, on the strength of the others. Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611-13 (1st Cir. 1988). Although a hearing is often held prior to entry of a preliminary injunction, a hearing is not an indispensable requirement. Aoude, 862 F.2d at 893.

### III. **ANALYSIS**

Plaintiff moves the Court for a preliminary injunction ordering Defendants to deposit the proceeds of the sale of the Building with the Clerk of Court during the pendency of the instant litigation. In support of its motion, Plaintiff provides a sworn statement signed by two of the beneficiaries of Topani Foundation, Tommy Orlando Habibe-Vargas ("Habibe-Vargas") and Elsa Milagros Burgos-de León. Plaintiff also provides the deed of sale transferring 1,000 shares of Covadonga Properties to Topani, an excerpt from the Curacao Commercial Register evidencing the registration of Topani as a

CIVIL NO. 10-1496 (JP)          -4-

Private Foundation, a letter certifying the names of the beneficiaries of Topani, and a written resolution appointing Habibe-Vargas as Member of the Board of Topani.  Upon consideration of the facts alleged in the complaint, the evidence provided, and the standard for granting a preliminary injunction, the Court finds that the requested preliminary injunction is appropriate.

    The alleged acts by Defendants, if proven, constitute an egregious fraud upon Plaintiff as 50% shareholder in Covadonga Properties.  As such, the Court finds that the allegations indicate a high likelihood of success on the merits.  With regard to the second factor, irreparable harm, there is a significant risk that if the Court refrains from granting the requested injunction, the proceeds from the sale could be moved or spent.  Under such circumstances, Plaintiff would suffer irreparable harm in that it would likely be unable to recover its share of the funds.  With regard to the third factor, the balance of hardships, the Court finds that any hardship upon Defendants will be temporary and minor relative to the harms risked by not granting the injunction.  If Defendants acted appropriately in carrying out the sale, then they will be entitled to have the proceeds of the sale returned to them by the Clerk of Court.  Finally, the Court finds that the public interest will not be harmed by granting the injunction because the public will benefit from assurance that legal prohibitions on fraudulent transactions are actively enforced.  Having found that

CIVIL NO. 10-1496 (JP)            -5-

each of the factors weighs in favor of the injunction, the Court will grant Plaintiff's request for a preliminary injunction.

**IV. <u>CONCLUSION</u>**

In conclusion, the Court **GRANTS** Plaintiff's motion for a preliminary injunction. Defendants are hereby **ORDERED** to immediately deposit the entirety of the proceeds from the sale of 104 Covadonga Street in San Juan, Puerto Rico with the Clerk of Court. Defendants will be in contempt of the Court's Order if said proceeds are not deposited on or before **August 9, 2010.**

A hearing is hereby **SET** for **August 13, 2010 at 2:00 p.m.** in the Courtroom of the undersigned, at 300 Recinto Sur Street, San Juan, Puerto Rico 00901. Plaintiff **SHALL** serve a copy of the complaint and this Order upon Defendant Fermín Fracinetti on or before **August 6, 2010.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July, 2010.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE