UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| TOPANI FOUNDATION | * | CIVIL NO. 10-1496 (JP) |
| | * | |
| Plaintiffs | * | |
| | • | |
| V. | * | Action for Fraud, Damages, |
| | * | Sec Rule 10b-5 Violation and |
| FERMIN FRACINETTI, TOMMY R. HABIBE-ARRIAS | * | Preliminary Injunctive Relief |
| COVADONGA PROPERTIES, INC., JOHN DOE | * | |
| AND RICHARD DOE | * | TRIAL BY JURY IS DEMANDED |
| | * | |
| Defendants | * | |

## ANSWER TO VERIFIED COMPLAINT

**COMES NOW**, **COMES NOW**, codefendants Covadonga Properties, Inc. and Tommy R. Habibe-Arrias, in his personal capacity and through the undersigned counsel and very respectfully states, alleges, and prays as follows;

1. Paragraph 1 of the Verified Complaint does not require a responsive allegation for appearing party;

2. Paragraph 2 of the Verified Complaint is admitted.

3. Paragraph 3 of the Verified Complaint is admitted.

4. Paragraph 4 of the Verified Complaint is admitted.

5. Paragraphs 5 and 6 of the Verified Complaint do not require, at this time, a responsive allegation from appearing party.

6. Paragraphs 7 and 8 of the Verified Complaint are admitted.

7. Paragraph 9 does not require a responsive allegation from appearing party.

8. Paragraph 10 of the Verified Complaint is denied.

9. Paragraph 11 on the Verified Complaint is admitted.

10. Paragraph 12 of the Verified Complaint is denied in part and admitted in part.

It is denied that codefendant Habibe-Arrias acted directly and/or maker of all business transactions of Covadonga.

It is admitted Habibe-Arrias appears as resident agent of Covadonga.

11. Paragraph 13 of the Verified Complaint is admitted in part and denied in part.

It is admitted Covadonga Properties, Inc sold the property located at 104 Covadonga St., San Juan, Puerto Rico.

It is denied Habibe-Arrias, in his personal capacity, sold said properties. It is denied that Topani had no knowledge of the sale. It is denied that Topani's consent was necessary for said sale.

12. Paragraph 14 of the Verified Complaint is denied.

13. Paragraph 15 of the Verified Complaint is denied.

14. Paragraph 16 of the Verified Complaint is denied.

15. Paragraph 17 of the Verified Complaint is denied.

16. Paragraph 18 of the Verified Complaint is denied.

17. Paragraph 19 of the Verified Complaint is denied.

18. Paragraph 20 of the Verified Complaint is denied.

19. Paragraph 21 of the Verified Complaint realleging all previous allegations is denied in as much the allegations were herein denied as previously set forth.

20. Paragraph 22 of the Verified Complaint is denied.

21. Paragraphs 23; 24 and 25 of the Verified Complaint are denied.

22. Paragraphs 26 and 27 of the Verified Complaint are denied.

23. Paragraph 28 of the Verified Complaint is denied. It is affirmatively alleged that the pleading is of its face insufficient to meet the required standards for the issuance

of injunctive relief.  Further, the claim and damages sought are not of an irreparable nature, there is no public interest served and there are other remedies at law.

## AFFIRMATIVE DEFENSES

1. The verified complaint fails to state a cause of action against appearing codefendant Tommy R. Habibe-Arrias;

2. There are indispensable parties not included and without them this claim cannot be decided and adjudicated.

3. Appearing codefendant has acted in compliance with all applicable state and federal laws.

4. The allegations filed by plaintiff are vague, ambiguous and speculative.

5. The damages, if any, are the result of plaintiffs own conduct, negligent acts and omissions, illegal activities, bad faith, libelous statements, own acts and dolous conduct.

6. Plaintiff has failed to meet all the requirements for the issuance of injunctive relief.

7. The damages sought are not irreparable, there is no public interest served and there are other remedies at law.

8. By information and belief Elsa Burgos de León is not an authorized representative of Topani Foundation.

9. Topani Foundation, by information and belief, owes Covadonga Properties, Inc considerable amounts of money exceeding the claims herein.

10. Topani Foundation does not own 50% of the shares of Covadonga Properties, Inc.

11. Topani Foundation was duly notified of the sale of the property.

12. Appearing codefendant Habibe-Arrias reserves the right to file a counterclaim, to seek dismissal of this action and to amend this answer and the affirmative defenses, if deemed necessary after discovery has concluded and/or it's investigation of the claims alleged is completed.

13. Imposition of costs and attorney's fees against plaintiff is requested.

**WHEREFORE,** appearing codefendant request's the complaint be dismissed; that the request for preliminary and permanent relief be denied and the Court impose a reasonable amount for litigation costs and attorney's fees in favor of codefendant.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CM/ECF system by the attorney's of record in the present case.

In San Juan, Puerto Rico, this 2nd day of August, 2010.

>S/ Lydia Lizarribar-Masini
>LYDIA LIZARRÍBAR-MASINI
>USDC 124301
>G-14 O'NEILL ST. SUITE A
>HATO REY, PR  00918
>TEL. 250-7505 FAX. 758-4512
>E-mail: lizarribarlaw@onlinkpr.net
>llizarribar@microjuris.com